E-FILED
Tuesday, 07 January, 2014  03:30:26 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HARRY ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3313 |
| | ) | |
| LARRY EVANS and | ) | |
| STEWART UMHOLTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and incarcerated in Lawrence Correctional Center, alleges that Defendants obstructed Plaintiff's efforts to correct the term of Plaintiff's mandatory supervised release, which had been effectively reduced by an Illinois court ruling.  As a result, Plaintiff was wrongly incarcerated for violating the terms of an expired mandatory supervised release.

At this point the Court cannot rule out a claim against Defendants.  Once Defendants have appeared, issues of prosecutorial immunity and whether Plaintiff states a claim can be explored.

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a possible constitutional claim arising from Defendants' alleged obstruction of Plaintiff's efforts to correct the term of his mandatory supervised release.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)      Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9)      **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:**

10)     **Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). The clerk is directed to enter the standard order assessing an initial partial filing fee and to attempt service on Defendants pursuant to the standard procedures;**

ENTERED:   January 7, 2014

FOR THE COURT:

                          ___**s/Sue E. Myerscough**___
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE